UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | EDCV13-0580 CAS (OPx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | CKO INVESTMENT GROUP V. WILLIAM G EBE, ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants

Not present                     Not present

**Proceedings:**     **(In Chambers:) ORDER REMANDING CASE TO THE SAN BERNARDINO COUNTY SUPERIOR COURT**

**I.     INTRODUCTION**

On February 25, 2013, plaintiff CKO Investment Group filed the instant unlawful detainer action in San Bernardino County Superior Court against *pro se* defendant William G. Ebe.

On March 28, 2013, defendant filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446, contending that the Court has jurisdiction to hear the instant case under the Fourth and Seventh Amendments of the United States Constitution. On June 17, 2013, the Court issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction. To date, no response has been filed.

**II.    ANALYSIS**

After reviewing defendant's notice of removal, the Court concludes that it lacks jurisdiction over the instant case. First, cases raising a question "arising under the Constitution, laws, or treaties of the United States" may be removed to federal court. 28 U.S.C. § 1331. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citations omitted). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. See McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | EDCV13-0580 CAS (OPx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | CKO INVESTMENT GROUP V. WILLIAM G EBE, ET AL. | | |

      Here, the complaint asserts only a single state law claim for unlawful detainer, which does not give rise to a federal question. See Dkt. No. 1; Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the Constitution or any other body of federal law. See McAtee, 479 F.3d at 1145. Simply put, "[a] federal defense or counter-claim does not give rise to federal-question jurisdiction." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for s. Cal., 463 U.S. 1, 14 (1983). Accordingly, the Court lacks subject matter jurisdiction based on a federal question.

      Second, defendant claims that the district court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. However, defendant does not allege that plaintiff and defendant are citizens of different states. 28 U.S.C. § 1332(a)(1). Nor does defendant appear to adequately assert that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a). In unlawful detainer actions, the title to the property is not at issue—only the right to possession. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property. See id. Here, plaintiff seeks less than $25,000 in damages. See Dkt. No. 1. Therefore, the Court lacks subject matter jurisdiction based on diversity of citizenship.

## III.  CONCLUSION

      In accordance with the foregoing, the Court concludes that it lacks subject matter jurisdiction over this case. Therefore, this action is hereby REMANDED to the San Bernardino County Superior Court.

      IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |